151 F.3d 1033
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Larry M. JOHNSON, Petitioner-Appellant,
v.
Richard B. GRAMLEY, Respondent-Appellee.
 No. 95-3882.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 23, 1998*.
Decided June 15, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois. No. 92-1260. Michael M. Mihm, Chief Judge.
 Before Hon. THOMAS E. FAIRCHILD, Hon. FRANK H. EASTERBROOK, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Larry Johnson appeals the dismissal of his second petition for habeas corpus on the ground that it was an abuse of the writ. Johnson was convicted of murder by an Illinois court. It is undisputed that he, a gun dealer, had possession of the murder weapon before the murders. At trial he endeavored to prove, or at least raise a reasonable doubt, that someone else had shot Pat Mitchell and the other victims. To this end he tried to introduce testimony that Mitchell had told of threats by a drug supplier, Larry T., to whom Mitchell said he owed $10,000. The judge ruled that the testimony was inadmissable hearsay. Johnson testified that he was not involved in the shooting, and that he had sold the gun before the murder to Rex McCreary, who had delivered cannabis to Mitchell on several occasions. McCreary denied purchasing the gun, shooting the victims, knowing Johnson, and dealing in cannabis.
 
 
 2
 Johnson appealed from his conviction, challenging the exclusion of evidence of threats. The Appellate Court affirmed in an unpublished opinion and the Supreme Court of Illinois denied leave to appeal. The claims raised in the instant habeas petition are based on matters not then in the record and of course he did not raise them on appeal. He could have exhausted these claims by way of a state post conviction petition, but he chose to file his first federal habeas petition, raising the claim that he was denied due process by the exclusion of the threat evidence. His petition was denied and the denial affirmed on appeal. Johnson v. Chrans, 844 F.2d 482 (7th Cir.1988). He then filed a petition in state court, raising claims similar to some that he now raises. His petition was denied; the denial was affirmed by the Appellate Court, and leave to appeal was denied by the Supreme Court.
 
 
 3
 After exhaustion of state remedies, Johnson filed the instant petition on June 1, 1992. In substance it claimed a denial of due process when the state allowed McCreary's false testimony (denial of dealing in cannabis) to go uncorrected, and ineffective assistance of counsel in failing to interview possible witnesses Ponce and Parr or witnesses Raymond or Christy before trial.
 
 
 4
 Chief Judge Mihm applied the doctrine of McCleskey v. Zant, 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), that "to excuse his failure to raise the claim earlier, [a petitioner] must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions."
 
 
 5
 As to Ponce and Parr, police reports of interviews with Parr and other persons indicated that McCreary was heavily involved with drugs, including contacts with Mitchell and Johnson. These reports were made available before trial, and are the basis for Johnson's claim that his attorney should have followed them up. They also demonstrate that Johnson had sufficient information to raise his claim in his first petition, assuming he had exhausted his state court remedies.
 
 
 6
 Forrest Christy testified at trial that he had been at Johnson's place of business on the day of the murders and that Johnson was "nervous" and his hands were shaking. Had Johnson's attorney interviewed Christy, he might have learned and brought out that Johnson and Christy were yelling back and forth in an argument over the quality of a gun. Johnson knew the facts about the encounter and was aware of Christy's testimony and how counsel handled it.
 
 
 7
 We agree with the district court that Johnson has failed to show cause. He either "possessed, or by reasonable means could have obtained, a sufficient basis to allege" these claims at any time after the trial, long before his first petition. McCleskey, 499 U.S. at 498. The fact that further investigation may have provided additional support does not excuse his failure to include them in his first petition. See id. He decided, however, to file his first habeas petition before exhausting his state court remedy on his instant claims, and his need to pursue a state remedy does not supply "cause". "[A] prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions." Rose v. Lundy, 455 U.S. 509, 521, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (citing 28 U.S.C. § 2254 Rule 9(b), authorizing dismissal for abuse of the writ). His choice to file his first federal habeas petition without seeking a state remedy was not an external objective factor. See McCleskey, 499 U.S. at 493.
 
 
 8
 Johnson also claims to have learned in 1993 that the prosecutor had told the witness Raymond to alter his testimony in two respects, one being the time at which he visited Johnson's shop on the day of the murders. Chief Judge Mihm determined that Raymond's latest version of the time was entirely consistent with his and Johnson's trial testimony and that Johnson was not prejudiced. Johnson has not argued this point on appeal, and we do not reach it.
 
 The judgment appealed from is
 
 9
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)